IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| ANDRE HOWARD : | |
| : | |
| v. : | CIVIL NO. CCB-16-2151 |
| : | |
| BALTIMORE POLICE DEPT., ET AL. : | |

...o0o...

## MEMORANDUM

Plaintiff Andre Howard brought suit in the District Court for Baltimore City, alleging various state law and civil rights claims against the State of Maryland, the Baltimore Police Department ("BPD") and the Mayor and City Council of Baltimore ("City"). The State of Maryland was dismissed; the BPD and the City removed the case to this court and filed motions to dismiss. Howard has responded and filed a motion for leave to amend his complaint. The record has been reviewed and no oral argument is necessary.

Howard's claims arise from events occurring on April 25, 2015, in Baltimore. Essentially, he alleges that he was assaulted by BPD officers in retaliation for exercising his First Amendment rights and because of racial animus. He does not, however, name any individual officers. His complaint includes state law claims for assault (Count One); battery (Count Two); and respondeat superior (Count Five). It also asserts federal claims under 42 U.S.C. § 1983 (Count Three) and 42 U.S.C. § 1985(3) (Count Four).

The City's motion will be addressed first. All claims against the City must be dismissed because the BPD is a state agency not under the control of the Mayor and City Council. *Estate of Anderson v. Strohman*, 6 F. Supp. 3d 639, 642 (D. Md. 2014); *Mayor & City Council of Balt. v. Clark*, 404 Md. 13, 22–27 (2008). Accordingly, the City is not responsible under state law for

the alleged misconduct of BPD officers, nor can it be held responsible under 42 U.S.C. §1983. *Anderson*, 6 F. Supp. 3d at 644–46.[1]

Addressing the BPD's motion, all state law claims must be dismissed on the basis of sovereign immunity. *Id.* at 642; *Baltimore Police Dep't. v. Cherkes*, 140 Md. App. 282, 303–04 (2001). The claim under 42 U.S.C. §1985(3) is barred by the doctrine of intracorporate conspiracy. *Denney v. City of Albany*, 247 F.3d 1172, 1190–91 (11th Cir. 2001); *Buschi v. Kirven*, 775 F.2d 1240, 1251–52 (4th Cir. 1985). The criminal exception applicable to claims under 42 U.S.C. § 1985(2), *see McAndrew v. Martin Lockheed Corp.*, 206 F.3d 1031, 1038–39 (11th Cir. 2000) (en banc), is not applicable here. In any event, there are no specific facts alleged that state a plausible claim for conspiracy.

As to the § 1983 claims, the BPD argues that a claim for *Monell* liability has not been stated with sufficient specificity. A ruling on this issue will be reserved, and the court will discuss it further with counsel during a conference call to be scheduled.

Accordingly, the court will grant the plaintiff's motion to amend, but also grant the City's motion to dismiss on all claims, and grant the BPD's motion to dismiss as to all claims, except those under 42 U.S.C. § 1983, which are reserved.

A separate Order follows.

August 10, 2016                          /S/
Date                                      Catherine C. Blake
                                            United States District Judge

---

[1] Similarly, liability under 42 U.S.C. § 1985(3) is precluded.